IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD RUSSELL,

                      Plaintiff,

v.

CAPTAIN LANGE and SGT. WILSON,

                      Defendants.

OPINION and ORDER

22-cv-333-jdp

---

This case is about the alleged failure of Sauk County jail staff to provide plaintiff Richard Russell with nutritionally adequate meals during Ramadan in 2020. Russell is proceeding on two claims: (1) defendants Captain Lange and Sergeant Wilson failed to provide Russell with nutritionally adequate food during Ramadan in 2020, in violation of the Free Exercise Clause; and (2) Lange, in his official capacity as an agent for Sauk County, failed to provide Russell with nutritionally adequate food during Ramadan in 2020, in violation of the Religious Land Use and Institutionalized Persons Act.

Russell has filed a document that he calls "plaintiff's reconsideration of amended complaint," Dkt. 27, but it is more properly construed as a proposed supplement to the complaint under Federal Rule of Civil Procedure 15. Russell asks the court to do the following things: (1) add "food service" as a defendant; (2) amend the caption to reflect that Russell is suing all defendants in both their individual and personal capacities; (3) allow Russell to sue defendant Wilson in both his individual and official capacities. I will deny each of Russell's requests as futile, untimely and unfairly prejudicial, or unnecessary. *See White v. Woods*, 48 F.4th 853, 860 (7th Cir. 2022) (identifying the reasons that justify denying a motion for leave to amend the complaint).

As for Russell's request to add "food service" as a defendant, that is not a request that a court can grant. A plaintiff must sue an individual, a government entity, or some other legal entity that can accept service of the complaint, such as a corporation. "Food service" does not fit into any of those categories, so it cannot be sued. If Russell means to sue the individual food service employees, I will deny that request as untimely and unfairly prejudicial. Russell filed this lawsuit in May 2022, and he identifies no reason why he waited until now to amend his complaint. Allowing the amendment now would cause undue delay because Russell doesn't name of any of the food service employees, so he would need to conduct discovery to identify those defendants, a process that could take months. The first summary judgment deadline is on April 14, so granting Russell's request would require striking the schedule and setting a new one. Nothing stopped Russell from pursuing this claim months ago, so I decline to delay the resolution of the case.

Russell's second and third requests are really just one request to allow him to proceed against both Lange and Wilson in their individual and official capacities. Russell is already proceeding against Lange in both his individual and official capacity, so I will deny that request as unnecessary.

As for Wilson, I explained to Russell in the screening order that a plaintiff may sue an individual in his official capacity only if that defendant's conduct represented the official policy of the county. *See Jett v. Dallas Independent School District*, 491 U.S. 701, 737 (1989); *Hill v. Shelander*, 924 F.2d 1370, 1372–73 (7th Cir. 1991). I did not allow plaintiff to sue Wilson in his official capacity because Russell didn't allege any facts suggesting that Wilson's conduct could be fairly characterized as county policy. Russell includes no new allegations about that issue in his supplement, so I will not allow Russell to sue Wilson in his official capacity.

One final point. Russell says in his supplement that he needs to sue Lange and Wilson in their official capacities so that he can recover punitive damages. That's incorrect. A plaintiff may recover punitive damages against a defendant sued in his individual capacity if the plaintiff shows that the defendant acted maliciously or with reckless disregard for the plaintiff's rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983). That is a high bar, and it is difficult to prove, but it is not dependent on a finding that the defendant acted in his official capacity.

ORDER

IT IS ORDERED that plaintiff Richard Russell's "reconsideration of amended complaint," Dkt. 27, is construed as a motion for leave to supplement the complaint, and the motion is DENIED.

Entered April 4, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge