IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD RUSSELL,

                    Plaintiff,

v.

CAPTAIN LANGE and SGT. WILSON,

                    Defendants.

OPINION and ORDER

22-cv-333-jdp

---

Plaintiff Richard Russell, proceeding without counsel, was detained in the Sauk County jail in 2020. Russell alleges that defendants, two jail employees, substantially burdened his practice of Islam by failing to ensure that he received nutritionally adequate meals during Ramadan. Russell brings religious liberty claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

Defendants move for summary judgment. Dkt. 30. The undisputed facts show that Russell received a religious halal diet during Ramadan that consisted of three meals (a breakfast tray and two sack lunches) providing at least 2700 calories a day. There is no evidence that Russell's diet during Ramadan harmed his health. Because no reasonable juror could conclude that defendants substantially burdened Russell's religious practice, I will grant defendants' motion and I will dismiss the case.

UNDISPUTED FACTS

I begin with a word about Russell's summary judgment opposition. The court affords litigants proceeding without counsel some leeway, recognizing that their submissions usually

lack the formality and polish of the work of a lawyer. But all litigants must comply with the court's orders and rules. *Allen-Noll*, 969 F.3d 343, 349 (7th Cir. 2020).

At summary judgment, this court requires the moving party, here defendants, to set out a statement of proposed facts with citations to admissible supporting evidence. *See* Dkt. 23 (attachment). The party opposing the motion, here Russell, must file a response to the proposed findings of fact stating whether each fact is disputed, and if it is, supporting the dispute with a citation to admissible evidence.

Russell didn't respond to defendants' proposed findings of fact. Russell simply cited the "official record provided by [defendants'] attorneys" to support his brief in opposition. Dkt. 36 at 6. In their reply, defendants asked me to accept their proposed facts as undisputed because Russell had failed to properly object to them. Dkt. 37 at 2. Russell then asked to file a surreply, in part to dispute defendants' proposed findings of fact. Dkt. 39 at 2. But Russell did not identify any factual disputes at that point. The court denied that motion but said that it would allow Russell to file a surreply if it later determined that one was warranted. Dkt. 40.

Russell hasn't explained his failure to timely respond to defendants' proposed facts, and he hasn't given any good reason that would justify a surreply. Russell suggested defendants cited new evidence in their reply brief, Dkt. 39 at 1, but he did not specifically identify any new evidence. The court does not see any new evidence that defendants cited for the first time in their reply.

I will accept defendants' proposed findings of fact as undisputed. *See Allen-Noll*, 969 F.3d at 349; *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[A] failure to respond by the nonmovant as mandated by the local rules results in an admission."). I will not allow Russell to file a surreply.

The following facts are undisputed.

The jail's dietary guidelines policy states that a registered dietitian must approve menus before they are used. A registered dietitian had previously approved the special menu that the jail provided prisoners observing Ramadan as meeting the caloric intake requirements for adult males.

Russell entered the jail in late February 2020. The next month, Russell asked to be added to the halal diet list, and he signed the religious diet participation agreement. Russell was added to the halal diet list later that month.

In mid-April 2020, Russell informed the jail that he wanted to fast during Ramadan, which took place from April 23 to May 23 of that year. A few days later, defendant Captain Lange acknowledged the request and explained how meals would be provided during Ramadan. Lange wrote that: (1) breakfast trays would be provided before dawn; (2) sack lunches would be provided after sunset and at 10 p.m.; and (3) the jail couldn't provide hot meals outside normal kitchen hours because the kitchen didn't operate then.

Four days after Ramadan began, Russell said that he had received bread and cheese and complained about a lack of variety in his food. That day, defendant Sgt. Wilson responded that the sack meals that Russell and other prisoners were receiving were what the jail had available to give prisoners observing Ramadan.

In early May 2022, Russell filed a grievance alleging that he had eaten cheese and bread for seven days, tuna and egg salad for two days, and Fritos every day. Dkt. 34-11. Russell asked for more variety in his food, said that he could eat meat, and suggested that he receive cold cuts. Nondefendant Sgt. Laatsch spoke with kitchen staff, who told Laatsch that the available cold cuts didn't meet the halal diet. Dkt. 34-12.

3

Russell appealed, complaining that "four different sandwiches is not variety," and that he had received cheese and bread with two to three carrots for eleven days. Dkt. 34-13. Russell asked to see a chart showing the caloric intake for each meal. A few days later, Lange gave Russell a chart with caloric information, explaining that he was receiving 2200 calories from the sack lunches and at least 500 calories from his breakfast tray. Dkt. 34-14 and Dkt. 34-15. Russell added that this caloric total was well within the U.S. government-recommended range of 1800 to 2400 calories a day for sedentary lifestyles, such as that experienced by incarcerated persons.

## ANALYSIS

### A. First Amendment free-exercise claim

Russell proceeds on an individual-capacity First Amendment free-exercise claim against defendants based on the allegation that they knew that he wasn't receiving nutritionally adequate meals during Ramadan but refused to take corrective action. To establish a claim under the Free Exercise Clause, Russell must show that defendants "personally and unjustifiably placed a substantial burden on his religious practices." *See Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). A "prisoner's religious dietary practice is substantially burdened when the prison forces him to choose between his religious practice and adequate nutrition." *Id*. at 381.

Russell received a breakfast tray before sunrise and two sack lunches after sunset for the entire month of Ramadan. The sack lunches included four different types of sandwiches, carrots, and Fritos. Russell's meals provided at least 2700 calories a day, which exceeded the U.S. government-recommended range of 1800 to 2400 calories a day for prisoners. There is no

evidence that Russell's meals during Ramadan caused him any health problems. It's undisputed that the meals meet the halal diet. The undisputed facts show that Russell observed his religious diet and received adequate nutrition during Ramadan. No reasonable juror could conclude that defendants substantially burdened Russell's religious practice.

Russell suggests that he was denied meal bags during Ramadan. *See* Dkt. 36 at 8. The undisputed facts refute this suggestion. Russell started receiving sack lunches on April 23, 2020, when Ramadan started. *See* Dkt. 32 ¶¶ 18–19. Russell also contends that defendants delayed his receipt of a halal diet before Ramadan started. *See* Dkt. 36 at 7. I didn't allow Russell to proceed on this claim, and I will not consider it at this late stage. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) ("[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.").

Russell suggests that defendants substantially burdened his religious practice because the sack lunches included only a limited variety of sandwiches without meat. Russell proposed that the jail include sandwiches with cold cuts, but the jail rejected that request. *See* Dkt. 36 at 11. But the cold cuts suggestion was rejected because the cold cuts at the jail were not halal. The jail provided Russell with meals that met the requirements of his halal diet, served at times that respected his Ramadan fast.

Russell contends that the religious diet participation agreement violated his "constitutionally protected religious freedoms." *See* Dkt. 36 at 10. This argument is unclear; Russell hasn't explained how signing this agreement substantially burdened his religious practice. *See id.* at. 10–11. In any case, this argument is an improper attempt to amend his complaint through arguments in his brief in opposition. I will grant summary judgment to defendants on Russell's First Amendment free-exercise claim.

**B. RLUIPA claim**

Russell proceeds on an official-capacity RLUIPA claim for damages against Lange based on the allegations that: (1) he had final policymaking authority for bagged meals for prisoners observing Ramadan; and (2) he knowingly failed to ensure that Russell received nutritionally adequate meals during Ramadan but failed to take corrective action.

The essential principle of RLUIPA, as it applies to prisoners, is simple: any substantial burden on a prisoner's religious exercise is subject to review akin to strict constitutional scrutiny. Thus, RLUIPA affords greater substantive protection of religious practices than does the Free Exercise Clause of the First Amendment.

The concept of "substantial burden" is not expressly defined in the RLUIPA statute. I have previously concluded that the government imposes a substantial burden on a religious exercise when it (1) compels the plaintiff to forego his religious exercise; (2) prohibits the plaintiff from performing his religious exercise; or (3) presents the plaintiff with a choice of incurring a serious penalty or engaging in conduct that seriously violates his religious beliefs. *Tanksley v. Litscher*, No. 15-cv-126-jdp, 2017 WL 3503377, at *6 (W.D. Wis. Aug. 15, 2017).

No reasonable juror could conclude that Lange substantially burdened Russell's religious exercise under RLUIPA. As explained above, the undisputed facts show that Russell observed his religious diet and received adequate nutrition during Ramadan. Russell hasn't shown any burden on his religious exercise, much less a substantial one. I will grant summary judgment to Lange on this claim.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 30, is GRANTED. Plaintiff Richard Russell's claims are DISMISSED with prejudice.

2. The clerk is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered August 7, 2024.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge